UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS BONETTI,

    Plaintiff,

vs.                                                     CASE NO.:  6:07-cv-1335-Orl-31GJK

EMBARQ MANAGEMENT COMPANY,

    Defendant.
_____/

**JOINT NOTICE OF FILING AND JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

The Plaintiff, CARLOS BONETTI ("the Plaintiff"), and the Defendant, EMBARQ MANAGEMENT COMPANY ("the Defendant") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above-captioned matter. Because the Plaintiff's action and claims arise, in part, under the Fair Labor Standard Act ("FLSA"), the Parties' settlement must be approved by this Court and said approval must be entered as a stipulated final judgment. The Parties' executed Settlement Agreement and General Release (the "Settlement Agreement") is attached as Exhibit "A."

    **I.**     **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of

the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against the Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff was represented by experienced counsel.[1]

The Parties agree that the instant action involves disputed issues. Specifically, there are issues as to how many uncompensated (if any) overtime hours Plaintiff worked, while employed by Defendant. In his response to the Defendant's interrogatories, the Plaintiff claimed he was

owed $8,465.60 in unpaid overtime compensation, because he claimed he was not paid for all overtime hours worked over the course of approximately two years.  The Defendant disputes that the Plaintiff worked any unpaid overtime whatsoever, and that the statute of limitations barred at least part of the Plaintiff's claims.  Ultimately, the case was resolved with the Plaintiff receiving $1,250.00 for overtime, an equal amount of $1,250.00 for liquidated damages, and $500.00 in exchange for a general release of claims against the Defendant and affiliated persons and entities (which includes, without limitation, release of the Plaintiff's claims in the instant action under the Family and Medical Leave Act).  Including the settlement paperwork, the Plaintiff's current counsel represents that they expended in excess of 10.5 hours to bring this matter successfully to conclusion. The Plaintiff's counsel will receive $2,500.00 for attorney's fees and costs.

   The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Plaintiff and his counsel discussed the Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations.  The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  Both of the Parties were advised and represented by counsel throughout the litigation and settlement process.

---

[1] The Plaintiff initially was represented by the Pantas Law Firm, P.A.  That firm was allowed to withdraw from the instant matter (Docket No. 33), and ultimately the Plaintiff's current counsel, Morgan & Morgan, P.A.,  appeared on his behalf (Docket No. 34).

## II. **Conclusion**

The Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

RESPECTFULLY SUBMITTED, this 20th day of March, 2009.

| | |
|---|---|
| s/ C. Ryan Morgan | s/ Patrick M. Muldowney |
| C. Ryan Morgan | Patrick M. Muldowney |
| Florida Bar No. 0015527 | Florida Bar No. 0978396 |
| MORGAN & MORGAN, P.A. | BAKER & HOSTETLER, LLP |
| P.O. Box 4979 | P.O. Box 112 |
| Orlando, Florida 32802-4979 | Orlando, Florida 32802 |
| Tel:  (407) 420-1414 | Tel:  (407) 649-4000 |
| Fax:  (407) 425-8171 | Fax:  (407) 841-0168 |
| RMorgan@forthepeople.com | pmuldowney@bakerlaw.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 20, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

C. Ryan Morgan, Esq.
Morgan & Morgan, P.A.
P.O. Box 4979
Orlando, FL 32802-4979

                                              s/ Patrick M. Muldowney

502327097