# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** (the "Agreement") is made and entered into as of March 17, 2009, between CARLOS BONETTI ("Bonetti") and EMBARQ MANAGEMENT COMPANY ("Embarq").

**WHEREAS**, Bonetti presently is the plaintiff in a lawsuit pending against Embarq in the United States District Court for the Middle District of Florida, styled CARLOS BONETTI v. EMBARQ MANAGEMENT COMPANY (Case No. 6:07-cv-1335-Orl-31GJK) (the "Civil Action"); and

**WHEREAS**, the parties desire to resolve Bonetti's claims in the Civil Action, and any other claims that Bonetti may have against Embarq;

**NOW, THEREFORE**, in consideration of the covenants and obligations set forth below, the parties agree as follows:

1. Embarq shall pay or cause to be paid to Bonetti the sum of Five Thousand Five Hundred and 00/100 Dollars ($5,500.00) (the "Settlement Amount"), in satisfaction of all claims released herein, including, without limitation, claims by Bonetti and/or his attorneys for attorneys' fees and costs. Payment of the settlement amount shall be disbursed as follows: (1) Embarq shall pay or cause to be paid to Bonetti the sum of One Thousand Two Hundred Fifty and 00/100 Dollars ($1,250.00), less applicable deductions and withholding required by law, to be disbursed by check made payable to Bonetti, in satisfaction of Bonetti's claims against Embarq in the Civil Action for unpaid overtime compensation; (2) Embarq shall pay or cause to be paid to Bonetti the sum of One Thousand Two Hundred Fifty and 00/100 Dollars ($1,250.00), to be disbursed by check made payable to Bonetti, in satisfaction of Bonetti's claim in the Civil

Action for liquidated damages; (3) Embarq shall pay or cause to be paid to Bonetti's attorney, Morgan & Morgan, P.A. ("Morgan"), the sum of Two Thousand Five Hundred and 00/100 Dollars ($2,500.00), to be disbursed by check made payable to Morgan, in satisfaction of any claim by Bonetti and/or his attorneys against Embarq for an award of attorneys' fees and costs in connection with the Civil Action; and (4) Embarq shall pay or cause to be paid to Bonetti the sum of Five Hundred and 00/100 Dollars ($500.00), to be disbursed by check made payable to Bonetti, in satisfaction of any other claim Bonetti may have against Embarq or the other Releasees (defined in paragraph 3 below), including, without limitation, Bonetti's claims in the Civil Action against Embarq with respect to the Family and Medical Leave Act of 1993, as amended.

2. Bonetti understands that Embarq is not making any representations regarding the taxability or non-taxability of the Settlement Amount, and Bonetti agrees that he is responsible for paying appropriate taxes regarding the Settlement Amount. The Settlement Amount shall be payable by checks (as set forth in paragraph 1 above) within ten (10) business days of the effective date of this Agreement, as set forth in paragraph 10 below. The checks comprising the Settlement Amount shall be delivered to C. Ryan Morgan, Esquire, of Morgan. Embarq will provide the appropriate tax forms. Bonetti and Morgan shall complete the appropriate W-9 and/or W-4 forms to allow Embarq to process payment of the Settlement Amount.

3. **<u>General Release of Bonetti's Claims</u>**. In consideration for Embarq's payment of the Settlement Amount and the promises contained herein, Bonetti hereby RELEASES, ACQUITS, FOREVER DISCHARGES, AND HOLDS HARMLESS Embarq, its corporate parents, subsidiaries, affiliates and related companies (including, without limitation, Embarq Florida, Inc.), all predecessors, successors and assigns of each of the foregoing, and all past and

present representatives, agents, officers, directors, trustees, stockholders and employees of Embarq and the other above-listed entities (collectively, the "Releasees") from any and all charges, claims, demands, actions, liens, causes of action and liabilities of any kind whatsoever, whether known or unknown, suspected or unsuspected, which Bonetti now has, may have or has ever had against Embarq and/or any of the other Releasees by reason of any and all acts, omissions, events, circumstances or facts existing or occurring up to the date of his execution hereof. By way of example and not limitation, included in the charges, claims, demands, actions, causes of action and liabilities being released, acquitted, and forever discharged are all claims asserted in the Civil Action; all claims arising out of or related to Bonetti's employment by Embarq (and/or any of the other Releasees) and his separation therefrom; all claims arising out of any alleged violations of any contracts, express or implied; all tort claims; all claims for wages or benefits; all claims for attorneys' fees and costs; and all claims arising under the Civil Rights Acts of 1866 and 1871; Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Family and Medical Leave Act of 1993; the Florida Civil Rights Act; any and all other Florida Statutes; the Equal Pay Act; the Fair Labor Standards Act; the National Labor Relations Act; the Employee Retirement Income Security Act (ERISA); the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, any state thereof, any other nation or country, any county, municipality, other political subdivision of any state or of any agency or instrumentality of any of the foregoing, as amended.

4. This General Release is intended as a legally binding document and to cancel any and all rights of Bonetti against Embarq and the other Releasees. Bonetti acknowledges that he has had the assistance and advice of counsel in reviewing and understanding this General

Release and the underlying Settlement Agreement, and that he understands completely this General Release and the legal effect thereof.

5. Bonetti agrees that he is to keep the fact of the settlement of this matter; the underlying facts and circumstances of the Civil Action or any other dispute he may have with respect to his employment by Embarq; and the terms of this Agreement confidential. Bonetti shall not disclose such information to any person or party other than his attorneys, tax advisors or immediate members of his family, except as may be required by law and upon notice to Embarq's counsel. If anyone approaches and asks Bonetti regarding this matter, he simply shall state "the matter has been resolved." Bonetti shall cause his attorneys, tax advisors and immediate family members to honor this covenant of confidentiality. *The parties understand and agree that disclosure of the terms of this Agreement to the Court in connection with seeking the Court's approval of this Agreement in the Civil Action is not in violation of this confidentiality provision.* Bonetti acknowledges that the provisions of this paragraph are an essential condition of this Agreement.

6. This Agreement does not constitute an admission by any of the Releasees of any unlawful acts or of any violation of any federal, state or local constitution, statute or regulation, or any common law right. Embarq expressly denies liability for any and all claims asserted by Bonetti, and the parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

7. Bonetti acknowledges and agrees that payment of the Settlement Amount satisfies fully all elements of any claims he has, may have or has ever had against the Releasees, whether known or unknown, including, without limitation, claims for attorneys' fees, costs and/or disbursements, including fees incurred in negotiation and preparation of this Agreement and fees

-4-

incurred in connection with the Civil Action. Neither Embarq nor any of the other Releasees shall have any liability whatsoever for such attorneys' fees, costs and/or disbursements. Further, Bonetti agrees to indemnify and hold harmless Embarq from any claims of any attorney or law firm purporting to represent or to have represented Bonetti in the Civil Action or any dispute with Embarq. The indemnification set forth in this paragraph includes any attorneys' fees and costs incurred by Embarq.

8. Bonetti disclaims and waives any right of reinstatement or future employment with Embarq or any of its successors or assigns, and Bonetti agrees that he will not seek employment at any time in the future with Embarq or the other Releasees. This Agreement shall constitute a legitimate, nondiscriminatory reason and non-retaliatory reason for refusal to employ Bonetti.

9. Bonetti represents that, other than the Civil Action, he has not instituted any lawsuit or administrative proceeding against Embarq or any of the other Releasees, nor is he aware of any facts that would serve as the basis for any civil or administrative proceeding.

10. This Agreement is contingent upon approval of it by the Court in the Civil Action, which the parties agree to seek by filing a Joint Motion for Approval of Settlement, or another appropriate document, within ten (10) business days of the execution of this Agreement. This Agreement and any release herein are not effective or enforceable until the Court has entered an order approving the Agreement. To the extent that additional steps may need to be taken regarding dismissal of any actions, charges or claims he may have against Embarq, Bonetti agrees to cooperate with Embarq in effectuating dismissal of all such charges and claims.

11. By entering into this Agreement, Bonetti waives (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or

related to any act or omission by the Releasees that occurred on or prior to the date Bonetti executes this Agreement, including, but not limited to, any right to participate in the settlement or remedy of any action brought by any other individual, the U.S. Secretary of Labor, the U.S. Equal Employment Opportunity Commission, the Florida Commission on Human Relations or any other government agency. The provisions of this paragraph shall not bar Bonetti from filing an action with respect to the enforcement or interpretation of this Agreement, or from participating in any action or proceeding in which he is compelled lawfully to do so pursuant to a court order or subpoena. Nothing in this Agreement is intended to prevent Bonetti from cooperating in a federal, state or local investigation.

12. Bonetti agrees to indemnify and hold Embarq and/or Releasees harmless from and against any and all loss, costs, damage, or expense, including, without limitation, attorneys' fees, arising out of any breach by Bonetti of this Agreement or the fact that any representation Bonetti has made hereby was falsely made.

13. Bonetti agrees that, to the extent that any federal, state or local taxes and/or penalties of any kind may be due or payable as a result of the payment of the Settlement Amount, he will be responsible for, and will indemnify and hold Embarq and the other Releasees harmless from and against, the payment of such taxes and/or penalties.

14. All of the foregoing shall inure to the benefit of Embarq, its predecessors, successors and assigns, and each of the Releasees, and be binding upon Bonetti's heirs, executors, administrators, legal representatives, successors and assigns.

15. This Agreement constitutes the entire agreement of the parties. All other prior or contemporaneous agreements or understandings, verbal or written, are null and void.

Furthermore, no modification of this Agreement shall be made except by written agreement between the parties.

16. Bonetti acknowledges that prior to executing this Agreement, he was given a reasonable period of time to review this Agreement and to determine whether or not to enter into it.

17. Should a court of competent jurisdiction hold any provision of the Agreement unenforceable or invalid, the Agreement shall be construed and enforced as if not containing that provision.

18. This Agreement shall be governed by the laws of the State of Florida, and the venue for any action arising therefrom shall be the state and federal courts with jurisdiction over Orange County, Florida.

19. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be a single agreement. The signatures to this Agreement need not all be on a single copy of this Agreement, and may be facsimiles or other electronic transmissions rather than originals, and shall be fully as effective as though all signatures were originals on the same copy.

**THE PARTIES ACKNOWLEDGE THAT EACH HAS BEEN REPRESENTED BY COUNSEL IN THE NEGOTIATION AND PREPARATION OF THIS AGREEMENT, THAT EACH HAS READ SAID DOCUMENT, THAT EACH HAS HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT EACH IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY WITH THE FULL INTENT TO BE BOUND BY ALL OF ITS TERMS.**

**[Remainder of page intentionally left blank.]**

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement and Release on the day and date first set forth above.

EMBARQ MANAGEMENT COMPANY

By: _____

Date: _____

_Carlos Bonetti_ (signature)
_Carlos Bonetti_ (signature)
CARLOS BONETTI

Date: 3-17-09

STATE OF FLORIDA     )
COUNTY OF Orange    )

**BEFORE ME**, the undersigned Notary Public, personally appeared CARLOS BONETTI, an individual to me personally known, or has produced FL Driver License as identification, who, after being duly sworn, stated and acknowledged that he executed the foregoing Confidential Settlement Agreement and General Release, fully understanding it, for all of the purposes set forth therein.

[Notary Stamp: KAREY R. COOPER, Notary Public, State of Florida, Commission# DD638857, My comm. expires Feb. 19, 2011]

_____
NOTARY PUBLIC
Karey Cooper
Typed or Printed Name of Notary
My commission expires: 2-19-11
Serial No., if any?: DD638857

STATE OF _____ )
COUNTY OF _____ )

**BEFORE ME**, the undersigned Notary Public, personally appeared _____ of EMBARQ MANAGEMENT COMPANY on behalf of said entity, an individual to me personally known, or has produced _____ as identification, who, after being duly sworn, stated and acknowledged that s/he executed the foregoing Confidential Settlement Agreement and General Release, fully understanding it, for all of the purposes set forth therein.

_____
NOTARY PUBLIC

Typed or Printed Name of Notary
My commission expires: _____
Serial No., if any?: _____

502325201

-8-

IN WITNESS WHEREOF, the parties have executed this Settlement Agreement and Release on the day and date first set forth above.

EMBARQ MANAGEMENT COMPANY

By: _____          _____
                                            CARLOS BONETTI

Date: 17 March 09                           Date: _____

STATE OF FLORIDA       )
COUNTY OF _____  )

     **BEFORE ME**, the undersigned Notary Public, personally appeared CARLOS BONETTI, an individual to me personally known, or has produced _____ as identification, who, after being duly sworn, stated and acknowledged that he executed the foregoing Confidential Settlement Agreement and General Release, fully understanding it, for all of the purposes set forth therein.

_____
NOTARY PUBLIC

_____
Typed or Printed Name of Notary
My commission expires: _____
Serial No., if any?: _____

STATE OF KANSAS       )
COUNTY OF JOHNSON     )

     **BEFORE ME**, the undersigned Notary Public, personally appeared R. Christopher Abele of EMBARQ MANAGEMENT COMPANY on behalf of said entity, an individual to me personally known, or has produced _____ as identification, who, after being duly sworn, stated and acknowledged that s/he executed the foregoing Confidential Settlement Agreement and General Release, fully understanding it, for all of the purposes set forth therein.

Debra Babylon
NOTARY PUBLIC
Debra Babylon
Typed or Printed Name of Notary
My commission expires: 11-21-09
Serial No., if any?: none

DEBRA BABYLON
Notary Public
State of Kansas
My Commission Expires 11-21-09

502325201

-8-